## Ferber vs. Watry.

The giving of such security as is prescribed in section 17. chaper 151, R. S., is not a condition essential to an appeal from the judgment of a justice of the peace in an action for unlawful detainer, and such security is required, only in case the party appealing desires a stay of proceedings.

The security to stay proceedings in case of an appeal from the judgment of a justice of the peace in an action for unlawful detainer under section 17, chapter 151, R. S., should be by an absolute undertaking similar to that required in other appeals in civil actions; and to the effect provided in this section, to pay *all* the rent, damages, &c., that may accrue during the appeal and not one, to pay only a *limited* amount.

Where an appeal from the judgment of a justice of the peace has been dismissed for reasons stated on the record of such dismissal, a bill of exceptions is not necessary to obtain a review of that decision.

ERROR to the Circuit Court for *Ozaukee* County.

The case is fully stated in the opinion of the court.

*G. W. Foster*, for plaintiff in error.

*A. M. Blair*, for defendant in error, contended that the decision of the court below, could not be reviewed as no bill of exceptions had been settled. *Williams vs. Provost*, 7 Wis., 168 ; *Kavenaugh vs. Titus*, 5 Wis., 143 ; *Weeks vs. School District*, 3 Wis., 166. The bond for appeal is not such as required by sec. 17, chap. 151, R. S., for the reason that it limited the amount which the plaintiff could collect for costs, rent and damages to the sum of $75.

*By the Court*, PAINE, J. This action was commenced before a justice of the peace, for an unlawful detainer. The defendant appealed from the judgment of the justice, and the circuit court dismissed his appeal, for the reason that the bond given on the appeal was not such as the statute required. This appears on the record, and if error, the judgment of dismissal must be reversed, although there is no bill of exceptions ; for an exception is not necessary to take advantage of an error apparent on the record.

Section 17, chapter 151, R. S., 1858, relating to unlawful detainers, provides that "if either party shall feel aggrieved by the verdict of the jury or decision of the justice, he may appeal as in other cases tried before justices of the peace, excepting his bond shall be with two or more sufficient sureties to be approved by said justice, conditioned to pay all costs of such appeal and abide the order the court may make therein, and pay all rent and other damages justly accruing to said plaintiff during the pendency of such appeal." The correctness of the decision of the circuit court depends upon the question whether the foregoing section makes the giving of such a bond as is described in it, a condition essential to the appeal. If it does, then the appeal was properly dismissed. For although this section uses the word "bond," which is an instru-

ment usually drawn for a specific sum, yet it also refers to the law regulating "appeals in other cases," where the appellant when required to give any security at all, is required to give an undertaking. See section 280, chap. 120, R. S., to which the section under consideration evidently refers. We think its obvious design was, to require a security similar to that in other appeals in civil cases, except that it should be conditioned as in this section specially provided. And that would have required an absolute undertaking to pay all the rent, damages, &c., that might accrue during the appeal, and not one to pay only a limited amount.

But the court erred in holding that this section makes the giving of such a security a condition of the appeal at all. The law "in other cases," which is here referred to, does not require the giving of any security to perfect an appeal from a justice. Security is required only to stay proceedings. Now, although section 17, chap. 151, R. S., is not drawn with as much precision as it might have been, its design was evidently not to make the giving of security essential to an appeal in every case, but only to provide that where it was given for the purpose of staying proceedings, it should be conditioned as therein provided. The very nature of these conditions shows conclusively that such was the intention. For, if it should be held to make such a bond a condition of the appeal, it would require a *plaintiff* in such a suit who desired to appeal, to give a bond to pay the defendant all the rent and damages which should accrue to the plaintiff during the appeal, which would be an absurdity. The general law provides how appeals may be taken, and how proceedings may be stayed. Chap. 120, sec. 205, R. S., *et seq.* This law provides that appeals may be taken in these special cases as in other cases, excepting that where a stay of proceedings is desired, the security shall be conditioned as therein specially provided. And that part of the section relating to the bond evidently contemplates that a defendant only, in an unlawful detainer suit, could desire a stay of proceedings, as the condi-

tions required, except as to costs, are adapted only to an appeal by a defendant, and would be wholly absurd if required of a plaintiff on an appeal by him.

For these reasons, the appeal, being otherwise regular, was perfected, whether any security at all, was given or not. And the circuit court having jurisdiction, erred in dismissing it.

The judgment is reversed, with costs, and the cause remanded for further proceedings.